Samuel **LOVINGGOOD**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 1995.

Municipal Court of Appeals for the
District of Columbia.

Argued July 1, 1957.

Decided July 25, 1957.

Charles T. Duncan, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was found by a jury to be the father of a child born out of wedlock and ordered to contribute to its support.[1] This appeal questions whether certain evidence was sufficiently identified so as to be admissible, and whether the trial court abused its discretion in denying a motion for a new trial.

The evidence established that appellant met the complainant in the summer of 1955 in Brooklyn, New York. She testified to a single act of intercourse with appellant on the evening of August 13, 1955, in her home in Brooklyn, which resulted in her pregnancy. Appellant admitted an acquaintance with the complainant but denied having intercourse with her on the evening in question or at any other time. He stated that he left New York on August 12, 1955, arrived here the following day, and purchased a suit on credit at a local store.

---

1. See Code 1951, § 11–951 et seq. (Supp. V).

■ The manager of the clothing store testified that appellant did buy a suit from him on August 13 and that he made out a sales slip for the purchase and forwarded the store copy to the main store. At this point the statement of proceedings and evidence reads as follows:

"Counsel for the defendant then showed to the witness a slip of paper purporting to be a sales slip, which was dated August 13, 1955, in pencil. The slip listed a suit and the price thereof and carried the purported signature in pencil of 'Samuel Lovinggood' at the bottom of said slip. The slip did not reflect the name and address of the D. J. Kaufman Company, nor did it contain a number in series. The witness testified that this slip of paper was the sales slip that he made out for the purchase and that he had obtained this sales slip from the main store. Counsel for the defendant offered the sales slip for identification as defense Exhibit #1. The Court ruled that the slip was not sufficiently identified."

Neither appellant nor the store manager was asked to identify the purported signature on the slip. However, the records of the main store, which indicated a purchase on appellant's account on the day in question, were later admitted into evidence.

Appellant takes the position that the court erred in holding that the sales slip was not sufficiently identified, and hence that it should have been admitted. For the document to be admissible, it was necessary for appellant to lay a proper foundation by preliminary proof of its genuineness, authenticity or identity, and execution.[2] It is true that a partial proof of the document's identity and execution was established by the testimony of the store manager that the proffered piece of paper was the sales slip which he made out in connection with the claimed purchase, but there was no identification by anyone of the signature which it bore. Even if the ruling was erroneous, it was not prejudicial because other records of the store showing the alleged purchase were subsequently admitted.

■ Appellant also contends that the trial court abused its discretion in denying his motion for a new trial. The motion was based on the affidavits of several people not called as witnesses at the trial to the effect that they saw appellant in places other than New York on August 13, 1955, and an affidavit by appellant's mother, stating in substance that due to her nervousness on the stand, she had erroneously testified at the trial that on September 13, 1955, she left Washington with her son on an automobile trip. Her affidavit recited that the true date was August 13, 1955, and that she fixed this date by a wedding reception she attended several hours before. Appellant was prepared to offer the marriage records of the District of Columbia to prove this point.

This evidence was not offered by the motion as newly discovered evidence. Indeed, appellant admits that with the exception of the mother's affidavit this evidence was available to him at the time of trial, but that his "trial counsel decided, as a matter of judgment," not to use it on the ground that it would be "cumulative."[3] His position simply is that on the basis of these affidavits and other testimony introduced at trial, the weight of the evidence is overwhelmingly in his favor, and thus that if the jury's verdict is permitted to stand, a miscarriage of justice will result.

We cannot agree. No contention is made that these facts were not known or considered by the trial court at the time of the hearing on appellant's motion. We hold on the basis of this record that the lower court did not abuse its discretion in denying appellant's motion.

Affirmed.

2. 32 C.J.S. Evidence § 625.

3. Appellant's brief, p. 15.